UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 97-cr-40001-JPG |
| | ) | |
| KEVIN R. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Kevin Davis' *pro se* Motion (Doc. 75) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. The Court appointed counsel for Davis, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Davis' request. (*See* Doc. 80); *see also Anders v. California*, 386 U.S. 738, 744 (1967). Despite the allowance of a response period by this Court (*see* Doc. 81), Davis did not respond to his counsel's motion. Meanwhile, the Government filed a Response (Doc. 82), wherein it agreed with the contentions contained in defense counsel's motion.

Davis pled guilty to one count of conspiracy to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Davis' relevant conduct was at least 50 grams but not more than 150 grams of crack cocaine, which under U.S.S.G. § 2D1.1 yielded a base offense level of 32. His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. However, the Court found that Davis was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his offense level to 37, again reduced by 3 to 34 for acceptance of responsibility. Considering

Davis' criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 262 months for the one count, less than the statutory maximum sentence established by Davis' conviction. *See* 21 U.S.C. § 841(b)(1)(B) & (C) (2006). Davis now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Davis cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (2006). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base

offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Davis, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Davis cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion (Doc. 80) to withdraw and **DISMISSES** Davis' *pro se* Motion (Doc. 75) for a sentence reduction for lack of jurisdiction.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Kevin R. Davis, Reg. #03875-025, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

**IT IS SO ORDERED.**
**DATED: February 4, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
